IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

HOPKINS

| | |
|---|---|
| LOLA MASON, Derivatively, On Behalf Of OFFICE DEPOT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>STEVE ODLAND, NEIL R. AUSTRIAN, DAVID W. BERNAUER, ABELARDO E. BRU, MARSHA J. EVANS, DAVID I. FUENTE, BRENDA J. GAINES, MYRA M. HART, KATHLEEN MASON and MICHAEL J. MYERS,<br><br>Defendants,<br><br>and<br><br>OFFICE DEPOT, INC.,<br><br>Nominal Defendant. | Case No. 07-81059 CIV-HURLEY<br><br>SHAREHOLDER DERIVATIVE COMPLAINT FOR BREACH OF FIDUCIARY DUTY, ABUSE OF CONTROL, GROSS MISMANAGEMENT, WASTE OF CORPORATE ASSETS AND UNJUST ENRICHMENT<br><br>**JURY TRIAL DEMANDED**<br><br>FILED by INTAKE D.C.<br>NOV - 8 2007<br>CLARENCE MADDOX<br>CLERK U.S. DIST. CT.<br>S.D. OF FLA. • FT. LAUD. |

Plaintiff brings this action derivatively on behalf of nominal defendant, Office Depot, Inc., ("Office Depot" or the "Company") and alleges upon personal knowledge as to her own acts, and as to all other matters upon information and belief as follows:

### NATURE OF THE ACTION

1. This is a shareholder derivative action brought by a shareholder of Office Depot, on behalf of the Company against certain of its officers and directors seeking to remedy defendants' violations of state law, including breaches of fiduciary duties, abuse of control, gross mismanagement, waste of corporate assets and unjust enrichment and

that have caused substantial losses to Office Depot and other damages, such as to its reputation and goodwill.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over all claims asserted herein pursuant to 28 U.S.C. §1332(a)(2), because complete diversity exists between the plaintiff and each defendant, and the amount in controversy exceeds $75,000. This action is not a collusive one to confer jurisdiction on this Court that it would not otherwise have. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

3. This Court has jurisdiction over each defendant named herein because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with Florida so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

4. Venue is proper in the Court pursuant to 28 U.S.C. §1391(a) because one or more of the defendants either resides in or maintains executive offices in this District, a substantial portion of the transactions and wrongs complained of herein, including the defendants' primary participation in the wrongful acts detailed herein and aiding and abetting and conspiracy in violation of fiduciary duties owed to Office Depot occurred in this District, and defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

5. Plaintiff Lola Mason is and at all times relevant hereto was a shareholder of Office Depot. Plaintiff is a citizen of California.

2

6. Nominal Defendant Office Depot is a corporation organized and existing under the laws of the state of Delaware, with its headquarters located at 2200 Old Germantown Road, Delray Beach, Florida 33445. Office Depot common stock is traded on the New York Stock Exchange under the symbol "ODP." Office Depot is a citizen of Florida.

7. Defendant Steve Odland ("Odland") has been a director of Office Depot and its Chairman and Chief Executive Officer ("CEO") since 2005. Odland is a citizen of Florida.

8. Defendant Neil R. Austrian ("Austrian") has been a director of Office Depot since 1998. Austrian is Chair of the Company's Corporate Governance & Nominating Committee and a member of the Company's Finance Committee. Austrian is a citizen of Connecticut.

9. Defendant David W. Bernauer ("Bernauer") has been a director of Office Depot since 2004. Bernauer is a member of the Company's Compensation Committee and the Finance Committee. Bernauer is a citizen of Illinois.

10. Defendant Abelardo E. Bru ("Bru") has been a director of Office Depot since 2004. Bru is a member of the Company's Compensation Committee and the Finance Committee. Bru is a citizen of Texas.

11. Defendant Marsha J. Evans ("Evans") has been a director of Office Depot since 2006. Evans is a member of the Company's Compensation Committee. Evans is a citizen of Virginia.

12. Defendant David I. Fuente ("Fuente") has been a director of Office Depot since 1987. Fuente is Chair of the Company's Finance Committee. Previously, Fuente was CEO of Office Depot from 1987 to 2000. Fuente is a citizen of Florida.

13. Defendant Brenda J. Gaines ("Gaines") has been a director of Office Depot since 2002. Gaines if Chair of the Company's Audit Committee and a member of the Company's Corporate Governance & Nominating Committee. Gaines is a citizen of Illinois.

14. Defendant Myra M. Hart ("Hart") has been a director of Office Depot since 2004. Hart is a member of the Company's Audit Committee. Hart is a citizen of Massachusetts.

15. Defendant Kathleen Mason ("Mason") has been a director of Office Depot since 2006. Mason is a member of the Company's Audit Committee. Mason is a citizen of Texas.

16. Defendant Michael J. Myers ("Myers") has been a director of Office Depot since 1987. Myers is a member of the Company's Audit Committee. Myers is a citizen of New Jersey.

17. Defendants Odland, Austrian, Bernauer, Bru, Evans, Fuente, Gaines, Hart, Mason and Myers are referred to collectively herein as the "Individual Defendants."

## DUTIES OF THE INDIVIDUAL DEFENDANTS

18. By reason of their positions as directors and fiduciaries of Office Depot and because of their ability to control the business and corporate affairs of Office Depot, the Individual Defendants owed Office Depot and its shareholders fiduciary obligations of trust, loyalty, good faith and due care, and were and are required to use their utmost

4

ability to control and manage Office Depot in a fair, just, honest and equitable manner. The Individual Defendants were and are required to act in furtherance of the best interests of Office Depot and its shareholders so as to benefit all shareholders equally and not in furtherance of their personal interest or benefit.

19. Each director of the Company owes to Office Depot and its shareholders the fiduciary duty to exercise good faith and diligence in the administration of the affairs of the Company and in the use and preservation of its property and assets, and the highest obligations of fair dealing. In addition, as directors of a publicly held company, the Individual Defendants had a duty to promptly disseminate accurate and truthful information with regard to the Company's revenue, margins, operations, performance, management, projections and forecasts so that the market price of the Company's stock would be based on truthful and accurate information.

20. The Individual Defendants, because of their positions of control and authority as directors of Office Depot, directly and/or indirectly exercised control over the wrongful acts complained of herein, as well as the contents of the various public statements issued by the Company. Because of their advisory, executive, managerial and directorial positions with Office Depot, each of the Individual Defendants had access to adverse non-public information about the financial condition, operations, and improper representations of Office Depot.

21. At all times relevant hereto, each of the Individual Defendants was the agent of each of the other Individual Defendants and of Office Depot, and was at all times acting within the course and scope of such agency.

22. To discharge their duties, the officers and directors of Office Depot were required to exercise reasonable and prudent supervision over the management, policies, practices and controls of the financial affairs of the Company. By virtue of such duties, the officers and directors of Office Depot were required to, among other things:

    a. refrain from acting upon material inside corporate information to benefit themselves;

    b. ensure that the Company complied with its legal obligations and requirements, including acting only within the scope of its legal authority and disseminating truthful and accurate statements to the SEC and the investing public;

    c. conduct the affairs of the Company in an efficient, business-like manner so as to make it possible to provide the highest quality performance of its business, to avoid wasting the Company's assets, and to maximize the value of the Company's stock;

    d. properly and accurately guide investors and analysts as to the true financial condition of the Company at any given time, including making accurate statements about the Company's financial results and prospects, and ensuring that the Company maintained an adequate system of financial controls such that the Company's financial reporting would be true and accurate at all times;

    e. remain informed as to how Office Depot conducted its operations, and, upon receipt of notice or information of imprudent or unsound conditions or practices, to make reasonable inquiry in connection therewith, and to take steps to correct such conditions or practices and make such disclosures as necessary to comply with federal and state securities laws; and,

f.	ensure that the Company was operated in a diligent, honest and prudent manner in compliance with all applicable federal, state and local laws, rules and regulations.

23.	Each Individual Defendant, by virtue of his or her position as a director, owed to the Company and to its shareholders the fiduciary duties of loyalty, good faith and the exercise of due care and diligence in the management and administration of the affairs of the Company, as well as in the use and preservation of its property and assets. The conduct of the Individual Defendants complained of herein involves a knowing and culpable violation of their obligations as directors and officers of Office Depot, the absence of good faith on their part, and a reckless disregard for their duties to the Company and its shareholders that the Individual Defendants were aware or should have been aware posed a risk of serious injury to the Company.

24.	The Individual Defendants breached their duties of loyalty and good faith by allowing defendants to cause or by themselves causing the Company to misrepresent its financial results and prospects, as detailed herein, and by failing to prevent the Individual Defendants from taking such illegal actions. In addition, as a result of defendants' illegal actions and course of conduct, the Company is now the subject of several class action lawsuits that allege violations of federal securities laws. As a result, Office Depot has expended and will continue to expend significant sums of money. Such expenditures include, but are not limited to:

a.	costs incurred to carry out internal investigations, including legal fees paid to outside counsel; and,

b.      costs incurred in investigating and defending Office Depot and certain officers in the class actions, plus potentially millions of dollars in settlements or to satisfy an adverse judgment.

25.     Moreover, these actions have irreparably damaged Office Depot's corporate image and goodwill. For at least the foreseeable future, Office Depot will suffer from what is known as the "liar's discount," a term applied to the stocks of companies who have been implicated in illegal behavior and have misled the investing public, such that Office Depot's ability to raise equity capital or debt on favorable terms in the future is now impaired.

## CONSPIRACY, AIDING AND ABETTING, AND CONCERTED ACTION

26.     In committing the wrongful acts alleged herein, the Individual Defendants have pursued, or joined in the pursuit of, a common course of conduct, and have acted in concert with and conspired with one another in furtherance of their common plan or design. In addition to the wrongful conduct herein alleged as giving rise to primary liability, the Individual Defendants further aided and abetted and/or assisted each other in breach of their respective duties.

27.     During all times relevant hereto, the Individual Defendants collectively and individually initiated a course of conduct that was designed to and did: (i) conceal the fact that the Company was improperly misrepresenting its financial results in order to allow defendants to artificially inflate the price of the Company's shares; (ii) maintain the Individual Defendants' executive and directorial positions at Office Depot and the profits, power and prestige that the Individual Defendants enjoyed as a result of these positions; and (iii) deceive the investing public, including shareholders of Office Depot, regarding

the Individual Defendants' management of Office Depot's operations, the Company's financial health and stability, and future business prospects, specifically related to the Company's financials that had been misrepresented by defendants. In furtherance of this plan, conspiracy and course of conduct, the Individual Defendants collectively and individually took the actions set forth herein.

28. The Individual Defendants engaged in a conspiracy, common enterprise and/or common course of conduct through which the Individual Defendants caused the Company to conceal the true fact that Office Depot was misrepresenting its financial results. In addition, defendants also made other specific, false statements about Office Depot's financial performance and future business prospects, as alleged herein.

29. The purpose and effect of the Individual Defendants' conspiracy, common enterprise, and/or common course of conduct was, among other things, to disguise the Individual Defendants' violations of law, breaches of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets and unjust enrichment; to conceal adverse information concerning the Company's operations, financial condition and future business prospects; and to artificially inflate the price of Office Depot common stock so they could protect and enhance their executive and directorial positions and the substantial compensation and prestige they obtained as a result thereof.

30. The Individual Defendants accomplished their conspiracy, common enterprise and/or common course of conduct by causing the Company to purposefully, recklessly or negligently misrepresent its financial results. Because the actions described herein occurred under the authority of the board, each of the Individual Defendants was a

direct, necessary and substantial participant in the conspiracy, common enterprise and/or common course of conduct complained of herein.

31. Each of the Individual Defendants aided and abetted and rendered substantial assistance in the wrongs complained of herein. In taking such actions to substantially assist the commission of the wrongdoing complained of herein, each Individual Defendant acted with knowledge of the primary wrongdoing, substantially assisted the accomplishment of that wrongdoing, and was aware of his or her overall contribution to and furtherance of the wrongdoing.

### THE INDIVIDUAL DEFNDANTS HAVE SUBJECTED THE COMPANY TO IMPROPER FINANCIAL REPORTING

32. Office Depot operates the world's second-largest office supplies chain. In tough market conditions caused in part by a slowdown in the home sales and higher fuel costs, Office Depot stock dropped throughout most of 2007, losing half its value since the start of the year. In an effort to stop the losses, defendants permitted the Company to wrongly recognize certain discounts from its vendor programs in order to boost the Company's financial statements and help stop the downward slide in the share price.

33. The Company's vendor programs include payments from vendors to Office Depot, but only if and when certain conditions are met. The largest category of payments is for volume-based rebates based on Office Depot achieving a predetermined milestone in sales volume. Office Depot's vendor agreements provide for the Company to pay a higher per unit prior to reaching the predetermined milestone, at which time the vendor rebates the per unit differential on past purchases, and also applies the lower cost to future purchases until the next milestone is reached.

34. However, with market conditions worsening in mid-2007, defendants permitted Office Depot to prematurely recognize rebates that the Company was not entitled to at the time.

35. Office Depot had announced on September 11, 2007 that it would publicly release its third-quarter earnings on October 30, 2007.

36. However, on October 29, 2007, Office Depot unexpectedly announced that it would not release its earnings due to a review of how the Company timed recognition of vendor program rebates.

37. The announcement caused a massive sell-off of Office Depot shares and downgrades by sell-side analysts, all to the detriment of the Company.

38. Significantly, the Individual Defendants have acknowledged that the vendor rebate program and the timing of rebate recognition is the most important of the Company's "Critical Accounting Policies" according to Office Depot's Annual Report (which is approved by each of the Individual Defendants prior to filing with the SEC).

## DERIVATIVE AND DEMAND FUTILITY ALLEGATIONS

39. Plaintiff brings this action derivatively in the right and for the benefit of Office Depot to redress injuries suffered, and to be suffered, by Office Depot as a direct result of the breaches of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets, and unjust enrichment, as well as the aiding and abetting thereof, by the Individual Defendants. Office Depot is named as a nominal defendant solely in a derivative capacity. This is not a collusive action to confer jurisdiction on this Court that it would not otherwise have.

40. Plaintiff will adequately and fairly represent the interests of Office Depot in enforcing and prosecuting its rights.

41. Plaintiff was and is the owner of Office Depot stock during times relevant to the Individual Defendants' wrongful course of conduct alleged herein, and remains a shareholder of the Company.

42. Plaintiff has not made any demand on the present board of Office Depot to institute this action because such a demand would be a futile, wasteful and useless act because there is not a majority of independent directors of Office Depot, particularly for the following reasons:

    a. As a result of their access to and review of internal corporate documents; conversations and connections with other corporate officers, employees and directors; and attendance at management and board meetings, each of the defendants knew the adverse non-public information regarding the weaknesses in the Company's internal controls and the overstatement of deferred tax assets and goodwill resulting therefrom;

    b. Defendants Odland, Austrian, Bernauer, Bru, Evans, Fuente, Gaines, Hart, Mason and Myers are each personally accused of wrongdoing, as each failed to address and correct material weaknesses in the Company's internal controls and financial reporting function. These defendants failed to make certain that Office Depot had adequate internal accounting procedures and controls necessary to ensure that the Company's financial statements complied with the rules and regulations of the SEC. The Office Depot board cannot exercise independent objective judgment in deciding whether to bring this action or whether to vigorously prosecute this action because its members

are personally interested in the outcome as it is their actions that have subjected Office Depot to potential liabilities for its violations of applicable securities laws;

        c.      The acts complained of constitute violations of the fiduciary duties owed by Office Depot's officers and directors and these acts are incapable of ratification;

        d.      These defendants' actions and inactions are the proximate cause of the release of the false statements for which the Company will face millions of dollars in increased legal and accounting fees and significant damage to the Company's reputation;

        e.      Each of the Individual Defendants of Office Depot authorized and/or permitted the false statements disseminated directly to the public or made directly to securities analysts and which were made available and distributed to shareholders, authorized and/or permitted the issuance of various of the false and misleading statements and are principal beneficiaries of the wrongdoing alleged herein, and thus could not fairly and fully prosecute such a suit even if such suit was instituted by them;

        f.      Any suit by the current directors of Office Depot to remedy these wrongs would likely expose the Individual Defendants and Office Depot to further violations of the securities laws that would result in civil actions being filed against one or more of the Individual Defendants. Thus, they are hopelessly conflicted in making any supposedly independent determination whether to sue themselves;

        g.      Office Depot has been and will continue to be exposed to significant losses due to the wrongdoing complained of herein, yet the Individual Defendants and current board have not filed any lawsuits against themselves or others who were responsible for that wrongful conduct to attempt to recover for Office Depot any part of the damages Office Depot suffered and will suffer thereby; and

  h. If the current directors were to bring this derivative action against themselves, they would thereby expose their own misconduct, which underlies allegations against them contained in class action complaints for violations of securities law, which admissions would impair their defense of the class actions and greatly increase the probability of their personal liability in the class actions, in an amount likely to be in excess of any insurance coverage available to the Individual Defendants. In essence, they would be forced to take positions contrary to the defenses they will likely assert in the securities class actions. This they will not do. Thus, demand is futile; and,

  43. Moreover, despite the Individual Defendants having knowledge of the claims and causes of action raised by plaintiff, the current board has failed and refused to seek to recover for Office Depot for any of the wrongdoing alleged herein.

## COUNT ONE

### Against All Defendants for Breach of Fiduciary Duty

  44. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

  45. The Individual Defendants owed and continue to owe Office Depot fiduciary obligations. By reason of their fiduciary relationships, the Individual Defendants owed and continue to owe Office Depot the highest obligation of good faith, fair dealing, loyalty and due care.

  46. The Individual Defendants, and each of them, violated and breached their fiduciary duties of care, loyalty, reasonable inquiry, oversight, good faith and supervision.

47. Each of the Individual Defendants had actual or constructive knowledge that they had caused the Company to improperly misrepresent the financial results of the Company and failed to correct the Company's publicly reported financial results and guidance. These actions could not have been a good faith exercise of prudent business judgment to protect and promote the Company's corporate interests.

48. As a direct and proximate result of the Individual Defendants' failure to perform their fiduciary obligations, Office Depot has sustained significant damages. As a result of the misconduct alleged herein, the Individual Defendants are liable to the Company.

49. Plaintiff, on behalf of Office Depot, has no adequate remedy at law.

## COUNT TWO

### Against All Defendants for Abuse of Control

50. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

51. The Individual Defendants' misconduct alleged herein constituted an abuse of their ability to control and influence Office Depot, for which they are legally responsible.

52. As a direct and proximate result of the Individual Defendants' abuse of control, Office Depot has sustained significant damages.

53. As a result of the misconduct alleged herein, the Individual Defendants are liable to the Company.

54. Plaintiff, on behalf of Office Depot, has no adequate remedy at law.

millions/billions of dollars of legal liability and/or legal costs to defend defendants' unlawful actions.

62. As a result of the waste of corporate assets, the Individual Defendants are liable to the Company.

63. Plaintiff, on behalf of Office Depot, has no adequate remedy at law.

## COUNT FIVE

### Against All Defendants for Unjust Enrichment

64. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

65. By their wrongful acts and omissions, defendants were unjustly enriched at the expense of and to the detriment of Office Depot.

66. Plaintiff, as a shareholder and representative of Office Depot, seeks restitution from these defendants, and each of them, and seeks an order of this Court disgorging all profits, benefits and other compensation obtained by these defendants, and each of them, from their wrongful conduct and fiduciary breaches.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment as follows:

A. Against all of the Individual Defendants and in favor of the Company for the amount of damages sustained by the Company as a result of the Individual Defendants' breaches of fiduciary duties, abuse of control, gross mismanagement, waste of corporate assets and unjust enrichment;

B. Extraordinary equitable and/or injunctive relief as permitted by law, equity and state statutory provisions sued hereunder, including attaching, impounding, imposing

a constructive trust on or otherwise restricting the proceeds of defendants' trading activities or their other assets so as to assure that plaintiff on behalf of Office Depot has an effective remedy;

C.  Awarding to Office Depot restitution from the defendants, and each of them, and ordering disgorgement of all profits, benefits and other compensation obtained by the defendants;

D.  Awarding to plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and

E.  Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all matters so triable.

Dated: November 8th, 2007

**FARUQI & FARUQI, LLP**

By: _____
Emily C. Komlossy
FBN # 007714
3595 Sheridan Street, Suite 206
Hollywood, Florida 33020
ekomlossy@faruqilaw.com
Tel: 954-239-0280
Fax: 954-239-0281

Nadeem Faruqi
**FARUQI & FARUQI, LLP**
369 Lexington Avenue, 10th Floor
New York, New York 10017
nfaruqi@faruqilaw.com
Tel: 212-983-9330
Fax: 212-983-9331

Attorneys for Plaintiff

## VERIFICATION

I, Emily C. Komlossy, hereby declare as follows:

1. I am a member of the law firm of Faruqi & Faruqi, LLP, counsel for plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. I am informed and believe the matters therein are true and on that ground allege that the matters stated therein are true.

2. I make this Verification because plaintiff is absent from the County of Broward where I maintain my office.

Executed this 8th day of November, 2007.

_____
Emily C. Komlossy

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a) PLAINTIFFS**

LOLA MASON

FILED NOV - 8 2007 CLARENCE MADDOX CLERK U.S. DIST. CT. S.D. OF FLA. • FT. LAUD.

**DEFENDANTS** Steve Odland, Neil R. Austrian, David W. Bernauer, Abelardo E. Bru, Marsha J. Evans, David I. Fuente, Brenda J. Gaines, Myra M. Hart, Kathleen Mason and Michael J. Myers

Office Depot, Inc., Nominal Defendants

**(b)** County of Residence of First Listed Plaintiff: Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: West Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** Attorneys (Firm Name, Address, And Telephone Number)
Emily C. Komlossy, Esq. (954) 239-0280
Faruqi & Faruqi, LLP
3595 Sheridan Street, Suite #206
Hollywood, FL 33021

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

Attorneys (If Known)

ZHOPKINS CIV-HURLEY 07-81059

**(d)** Circle County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

09:07CV81059-Hurley-Hopkins

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (for diversity cases only) (Place an "X" in One Box for Plaintiff and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORT | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | | | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease and Ejectment | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 442 Employment | **Habeas Corpus:** | ☐ 740 Railway Labor Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | |
| ☐ 290 All Other Real Property | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
1) Re-filed Case ☐ YES ☐ NO  2) Related Cases ☒ YES ☐ NO
JUDGE Daniel T.K. Hurley   Docket Number 07-cv-81038-DTKH

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and write a Brief Statement of Cause. (Do not cite jurisdictional statutes unless diversity):
U.S.C. 1332(a)(2)

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Unknown
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD: [signature] 007714
DATE: 11/8/07

FOR OFFICE USE ONLY
AMOUNT 350.00   RECEIPT # 54140   IFP _____