## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LOLA MASON, Derivatively, on Behalf of OFFICE DEPOT, INC., <br><br> Plaintiff, <br><br> v. <br><br> STEVE ODLAND, NEIL R. AUSTRIAN, DAVID W. BERNAUER, ABELARDO E. BRU, MARSHA J. EVANS, DAVID I. FUENTE, BRENDA J. GAINES, MYRA M. HART, KATHLEEN MASON and MICHAEL J. MYERS, <br><br> Defendants, <br><br> and <br><br> OFFICE DEPOT, INC., <br><br> Nominal Defendant. | Case No. 07-81059-CIV-HURLEY <br><br><br><br><br> **PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL OF ACTION WITHOUT PREJUDICE AND WITHOUT NOTICE** |

In response to this Court's Order to Show Cause dated March 31, 2009, plaintiffs Lola Mason and Robert Marin ("Plaintiffs"), submit their Motion for Voluntary Dismissal of Action Without Prejudice and Without Notice pursuant to Federal Rules of Civil Procedure 23.1 and 41(a)(1) and state the following:

### I. INTRODUCTION

On November 8, 2007, Plaintiffs filed their shareholder derivative actions on behalf of Office Depot, Inc. ("Office Depot") in this Court. By Order dated March 21, 2008 (the "Order"), this Court ordered consolidation of the shareholder derivative actions pursuant to Fed. R. Civ. P.

42 under the caption *Lola Mason, derivatively and on behalf of Office Depot, Inc.*, Case No. 07-81059-CIV-HURLEY ("Derivative Action").  The complaints named certain of Office Depot's officers and directors as defendants and sought to remedy defendants' violations of state law, including breaches of fiduciary duties, abuse of control, gross mismanagement and unjust enrichment that occurred in connection with Office Depot's vendor rebate program.

Plaintiffs now seek to voluntarily dismiss this Derivative Action without prejudice and without notice pursuant to Rule 23.1.

## II.  ARGUMENT

Generally, a party may voluntarily discontinue an action pursuant to Rule 41, subject to the provisions of Rules 23(e) and 66, without order of the court any time before service of an answer or a motion for summary judgment.  Rule 41(a)(1) provides in part:

> . . . an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Fed. R. Civ. P. 41(a)(1).

Although Rule 41(a)(1) is expressly made subject only to Rules 23(e) and 66, Courts have noted "'[t]he specific requirement in Rule 23.1 for notice and court approval controls over the generality of Rule 41(a)(1) and must be observed in cases where it applies.'"  *Papilsky v. Berndt*, 466 F.2d 251, 257 n.8 (2d Cir. 1972) (quoting 3B James Wm. Moore et al., *Moore's Federal Practice* ¶ 23.1.24[2] (1969)).  Thus, under Rule 23.1, a shareholder may not dismiss a derivative action "without the approval of the court and notice of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the court directs." Fed. R. Civ. P. 23.1.

The policy underlying Rule 23.1's requirements of court approval and notice before dismissal of a derivative action is grounded upon the potential for serious abuse by the parties to such an action, resulting in prejudice to the claims of absent parties.  *See Papilsky*, 466 F.2d at 258; *cf. Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1306 (4th Cir. 1978) (holding that shareholder need not issue notice to class after voluntary dismissal under Rule 23(e)).  Notice and court approval of settlements and voluntary discontinuances provide a layer of protection against secret settlements, collusion, and prejudice to the rights of the corporation and absent shareholders by ensuring that the "dismissal of the derivative suit is in the best interests of the corporation and the absent stockholders." *Papilsky*, 466 F.2d at 258.  Specifically, by requiring court approval and notice to shareholders, Rule 23.1 "limit[s] the opportunities for collusion" between the plaintiff-stockholder and defendants and discourages a representative plaintiff from "sacrificing the corporate cause of action to further his own self interest."  *Id.*  Furthermore, notice to nonparty stockholders of voluntary dismissals "protects against prejudice to the corporation from discontinuance of a derivative suit after the plaintiff-stockholder has already secured an advantage or when the statute of limitations precludes the institution of a new suit."  *Id.*

Given that the central purpose of Rule 23.1 is to discourage collusion and prevent prejudice to the corporation and non-party stockholders, courts have dispensed with notice where "none of the reasons which underlie the notice requirements of Fed. R. Civ. P. 23 and 23.1 with respect to voluntary discontinuances are operative." *Sheinberg v. Fluor Corp.*, 91 F.R.D. 74, 75 (S.D.N.Y. 1981) (approving the voluntary dismissal of a class and derivative action without notice to shareholders where "no one's rights [were] being cut off and no potential abuses [were] present"); *see also Rosen v. Price Commc'ns Corp.*, No. 95 Civ. 5089, 1998 U.S. Dist. LEXIS

9198, at *3-4 (S.D.N.Y. June 23, 1998) (dispensing with the notice requirements of Rule 23.1 where proposed settlement and compromise of a claim would not have an adverse affect on the company or its shareholders); *Robinson v. First Nat'l City Bank*, 482 F. Supp. 92, 100-01 (S.D.N.Y. 1979) (notice of impending dismissal not required under Rule 23(e) where absent class members would not be barred from pursuing the claims in other actions and there was no suggestion of collusion on the part of the named plaintiffs); *Cranley v. Nat'l Life Ins. Co.*, 144 F. Supp. 2d 291, 305 (D. Vt. 2001) (approving voluntary dismissal without notice where there was no hint of collusive settlement and no prospect of prejudice to absent class members).

Courts in this Circuit have applied a "functional approach" in deciding whether notice is required when a class action pursuant to Rule 23 is dismissed prior to certification and have determined that if there is no evidence of collusion between plaintiffs and defendants and no evidence of prejudice to absent class members, then notice is not required. *Gunn v. World Omni Fin. Corp.*, 184 F.R.D. 417, 419 (M.D. Ala. 1999), citing *Anderberg v. Masonite Corp.*, 176 F.R.D. 682 (N.D. Ga. 1997), *accord Richards v. Lesaffre Yeast Corp.*, No. 1:07-cv-163, 2008 U.S. Dist. LEXIS 1962, at *3 (M.D. Ala. Jan. 10, 2008).

In essence, this Court may permit the voluntary dismissal of a derivative action without notice to absent shareholders, where no prejudice will result to the absent shareholders and the discontinuance is not the result of collusion. *See Sheinberg*, 91 F.R.D. at 75; *Rosen*, 1998 U.S. Dist. LEXIS 9198, at *3-4; *Robinson*, 482 F. Supp. at 101. In this Derivative Action, none of the policy considerations underlying the notice requirements of Rule 23.1 are operative.

First, dismissal of this action poses no risk of prejudice to Office Depot or to any of its shareholders. *See* Declaration of Emily C. Komlossy at ¶¶ 5-7. Because Plaintiffs seek dismissal of this action without prejudice and the statute of limitations on these claims has

arguably not expired, other shareholders are free to champion the corporate cause to the extent another shareholder believes such an action to be prudent. *Id.* at ¶ 5.

Second, no hint of collusion has surfaced between Plaintiffs and their counsel on the one hand, and defendants on the other. *Id.* at ¶ 4. Indeed, the voluntary dismissal is not the product of a settlement between the parties, and neither Plaintiffs nor their counsel have sought or received any consideration or promise of consideration for seeking this dismissal in any form whatsoever. *Id.* at ¶¶ 3-4.

Third, Office Depot itself has made non-party shareholders aware of this Derivative Action. *Id.* at ¶ 7. In public filings with the Securities Exchange Commission, Office Depot has disclosed the existence and progress of this Derivative Action to shareholders. *Id.* Plaintiffs are aware of no reason why Office Depot would not issue similar disclosure to its shareholders concerning the voluntary dismissal, without prejudice, of this Derivative Action. *Id.* Thus, in essence, non-party shareholders will be made aware of the discontinuance of this action without requiring the expense of a separate notice.

## Certificate Of Conference

Counsel for Plaintiffs telephoned counsel for Office Depot, Alvin Lindsay, on April 2, 2009, who advised the undersigned on April 3, 2009, that he does not oppose this Motion For Voluntary Dismissal Without Prejudice And Without Notice.

### III.  CONCLUSION

For the reasons stated herein, this Court should grant Plaintiffs' Motion for Voluntary Dismissal Without Prejudice and Without Notice to Office Depot's shareholders.

DATED: April 8, 2009                    **FARUQI & FARUQI, LLP**
                                        Nadeem Faruqi
                                        Emily C. Komlossy (007714)

                                        By:  s/Emily C. Komlossy
                                            Emily C. Komlossy
                                        3595 Sheridan Street, Suite #206
                                        Hollywood, FL 33021
                                        Tel: (954) 239-0280
                                        Fax: (954) 239-0281

                                        *Counsel for Plaintiffs*