IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LOLA MASON, Derivatively, on Behalf of OFFICE DEPOT, INC., <br><br> Plaintiff, <br><br> v. <br><br> STEVE ODLAND, NEIL R. AUSTRIAN, DAVID W. BERNAUER, ABELARDO E. BRU, MARSHA J. EVANS, DAVID I. FUENTE, BRENDA J. GAINES, MYRA M. HART, KATHLEEN MASON and MICHAEL J. MYERS, <br><br> Defendants, <br><br> and <br><br> OFFICE DEPOT, INC., <br><br> Nominal Defendant. | Case No. 07-81059-CIV-HURLEY <br><br><br> DECLARATION OF EMILY C. KOMLOSSY IN SUPPORT OF PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL OF ACTION WITHOUT PREJUDICE AND WITHOUT NOTICE |

I, EMILY C. KOMLOSSY, declare as follows:

1. I am an attorney duly licensed to practice in of the State of Florida and this Court. I am a member of the law firm of Faruqi & Faruqi, LLP, lead counsel of record for plaintiffs in the consolidated shareholder derivative action pending in this Court. I have personal knowledge of the matters stated herein and, if called upon, I could and would completely testify thereto. I make this declaration in support of Plaintiffs' Motion for Voluntary Dismissal of Action Without Prejudice and Without Notice.

2. Plaintiffs believe at the present time that dismissal of this derivative action, without prejudice, is in the best interests of Office Depot, Inc. ("Office Depot" or the "Company").

3. The requested voluntary dismissal is not the product of a settlement between plaintiffs, individually or collectively, on the one hand and any other party on the other. Neither plaintiffs nor their counsel have either sought or received any consideration whatsoever in return for voluntarily dismissing this derivative action.

4. The requested voluntary dismissal is not the product of collusion between plaintiffs, individually or collectively, and their counsel on the one hand and defendants, individually or collectively, on the other.

5. Presently, dismissal of this action poses little risk of prejudice to Office Depot or to any of its shareholders. Plaintiffs seek dismissal of this action without prejudice. Further, my firm's analysis of the statute of limitations for the claims asserted in this derivative action indicates that the statute of limitations on these claims has likely not run. Thus, until such time as the statute of limitation runs, other shareholders may choose to assume the claims of Office Depot.

6. Furthermore, attached hereto are relevant portions of a filing Office Depot made with the Securities Exchange Commission. The attached filing alerted Office Depot shareholders to the existence of this derivative action. There is no reason to doubt that Office Depot will issue similar disclosure, notifying shareholders of the voluntary dismissal of this derivative action. Indeed, *Bloomberg* published a news story when this Court dismissed a related, securities fraud action. Thus, any shareholder who chooses to assume plaintiffs' role and pursue the claims raised in this derivative action, will have ample opportunity and notice to take appropriate action. The public disclosures are:

3

      a.      Attached hereto as Exhibit A is the "Legal Proceedings" disclosure from Office Depot's Annual Report on Form 10-K for the fiscal year ended December 27, 2008, filed with the SEC on February 24, 2009; and

      b.      Attached hereto as Exhibit B is the April 1, 2009 news release issued regarding the dismissal of a related Office Depot securities fraud suit.

I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.

Executed this 8th day of April, 2009, at New York, New York.

*/s/ Emily C. Komlossy*
EMILY C. KOMLOSSY